**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| TENNESSEE GAS PIPELINE COMPANY, L.L.C., a limited liability company of the State of Delaware, Plaintiff, v. 0.561 Acres Of Land In The Township of Montague, Sussex County, New Jersey; GEORGE C. FEIGHNER and RUTH J. FEIGHNER, his wife, fee owners, Defendants. | CIVIL ACTION NO. 2:12-cv-04744-WJM-MF **OPINION** |
|---|---|

Plaintiff Tennessee Gas Pipeline Company, L.L.C. ("Tennessee Gas") is building an interstate natural gas pipeline. In an August 14, 2012 Order, this Court recognized Tennessee Gas's eminent domain power to take land in Sussex County, New Jersey owned by Defendants George and Ruth Feighner. ECF No. 9 at 2. Tennessee Gas now moves under Federal Rule of Civil Procedure 65 for a preliminary injunction allowing it to possess the property before it provides just compensation. The Court will **GRANT** the motion.

Tennessee Gas maintains that it needs immediate possession of the land to ensure that it meets the pipeline deadline. At present, it appears that Tennessee Gas's certificate from FERC requires the pipeline to be available for service on May 29, 2013. In selecting the May 29, 2013 date, FERC relied on contracts from Tennessee Gas demonstrating a market need for additional energy. Those contracts anticipate pipeline availability on November 1, 2013. Tennessee Gas has requested that FERC modify its certificate to comport with this November 1, 2013 date; it is unclear whether that request was granted. As the parties base their arguments on a November 1, 2013 in-service date, the Court will do the same.

On November 11, 2012, the Court met with the parties to discuss a possible negotiated resolution of this matter. Additionally, the Court received oral argument on the motion and heard from landowner George Feighner. With the agreement of the parties—and without prejudice to Tennessee Gas's claim of irreparable harm—the Court reserved decision on this motion for two weeks so that settlement negotiations could progress. Those negotiations were unsuccessful.

While Tennessee Gas's motion is styled as a motion for permanent injunction, its moving papers make plain that it seeks a preliminary injunction. *See, e.g.*, Pl.'s Br. 20, ECF No. 13-2. A preliminary injunction will issue only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Tennessee Gas Pipeline v. 0.018 Acres of Land in the County of Vernon*, No. 10-4465, 2010 WL 3883260, at *2 (D.N.J. Sept. 28, 2010) ("*0.018 Acres*") (quoting *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Tennessee Gas's arguments for an injunction are supported by the Declaration and Supplemental Declaration of its project manager, Gerald D. Creel. Creel Decl., ECF No. 13-2; Creel Supplemental Decl., ECF No. 18-3. The Feighners' arguments are supported by the affidavit of George Feighner. Feighner Aff., ECF No. 17-1.

Tennessee Gas's eminent domain power provides a property interest that can be "protected in equity." *See E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 823 (4th Cir. 2004). Accordingly, the Court may grant the relief Tennessee Gas seeks. *See Sage*, 361 F.3d at 808 (4th Cir. 2004) ("[O]nce a district court determines that a gas company has the substantive right to condemn property . . . the court may exercise its equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction."); *0.018 Acres*, 2010 WL 3883260, at *1. Because all four factors favor Tennessee Gas, the Court will grant the injunction.

First, as things stand today, success on the merits is "apparent," *0.018 Acres*, 2012 WL 3883260, at *2, because the Court's August 14, 2012 Order recognizes Tennessee Gas's eminent domain power in this matter. As Judge Linares noted in a similar case, the question is not *whether* property rights will transfer to Tennessee Gas, but *when*. *0.018 Acres*, 2012 WL 3883260, at *2.

Second, Tennessee Gas will be irreparably harmed if it cannot access the land in short order. For reasons having to do with the environment, Tennessee Gas must begin tree cutting no earlier than January 14, 2013 and must finish tree clearing no later than March 15, 2013. Creel Supplemental Decl. ¶¶ 6, 8. It is the Feighners' position that Tennessee Gas will begin tree cutting on January 10, 2012 and finish the cutting 30 days later. Def.'s Br. 5, ECF No. 16. To the extent there is a difference between the schedules described by Tennessee Gas and the Feighners, that difference is immaterial. If Tennessee Gas cannot begin tree clearing activities immediately, it might miss its project deadline. Creel Decl. ¶ 40. Without an injunction, Tennessee Gas will suffer irreparable harm. *See 0.018 Acres*, 2012 WL 3883260, at *2. The Feighners argue that theirs should be the last property on which Tennessee Gas conducts tree clearing. They make this argument because they are waiting for FERC to decide whether it will reconsider

the pipeline route.  But even if FERC agrees to reconsider its decision, there is no assurance that it will change its mind.  What is clear is that Tennessee Gas's contracts impose a November 2013 deadline for getting the pipeline up and running.

Third, the harm to the Feighners is "merely one of timing."  *Id.* at *3.  Tennessee Gas would suffer far greater harm if the injunction were denied: it would have to conduct a work-around and it would suffer monetary harm.

Finally, the public interest favors possession.  FERC believes the pipeline is in the public interest, and nothing suggests that its judgment is mistaken.  Creel Decl. ¶ 41.  Accordingly, the Court will **GRANT** the motion and require Plaintiffs to deposit the unchallenged estimate for just compensation, $17,000, into the Registry of the Court.  An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

 **Date: December 10, 2012**